UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC D. GANT,

Plaintiff,

v. Case No. 6:26-cv-1295-CEM-CAB

PAUL G. BYRON,

Defendant.

---

**REPORT AND RECOMMENDATION**

This cause comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the undersigned construes as a Motion to Proceed *In Forma Pauperis* (the "IFP Motion") (Doc. 9), filed on August 12, 2026. Upon review of Plaintiff's Complaint (Doc. 1) (the "Complaint"), the undersigned respectfully recommends that: (1) Plaintiff's IFP Motion be denied; and (2) Plaintiff's Complaint be dismissed with prejudice.

## I. BACKGROUND

Plaintiff Eric D. Grant, who, pertinent to the subject matter of the present case, alternatively refers to himself as "King Eric the 1st" of the "Kingdom of Euphoria" (Doc. 1 at 1–2), initiated the present action against the Honorable Paul G. Byron, U.S. District Court Judge for the Middle District of Florida, in a Complaint filed with the Court on August 12, 2026. (*Id.* at 1–3). From what the undersigned is able to discern from the Complaint, Plaintiff appears to have previously brought a lawsuit against

certain federal and state governmental actors: (1) claiming the "right to abolish the government and to make [him]self the King of the [S]tate of Michigan, the United States, and the world;" and (2) "su[ing] for a violation of the King's law," specifically "request[ing] a mandate that the treasury pay the sums within the King's law in which they are mandated to pay under law written by the King." (*Id.* at 1–2). Defendant Judge Byron was the District Court Judge who presided over Plaintiff's previous case, whom Plaintiff appears to now be suing for having "dismissed [his] case and practiced a law in accordance with [the U.S.C.]," rather than the laws that Plaintiff himself has written as the so-called "King of Euphoria." (*Id.* at 2–3). Plaintiff seeks a sum of $75,000 as a "fine [to] be imposed for violation of law." (*Id.* at 3). Plaintiff further asks this Court to "issue a mandate ordering Paul Byron to not operate the office of Judge while the case is pending" and calling for his "impeachment" because Judge Byron "did not demonstrate loyalty to the King." (*Id.* at 3).

## II. STANDARD

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. *See id.*

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous." *Reames v. Hallman*, No. 5:17-cv-127-Oc-30PRL, 2017 WL 1460103, at *1 (M.D. Fla. Apr. 7, 2017) (citing *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1084) (internal citations omitted), *report and recommendation adopted*, 2017 WL 1438256 (M.D. Fla. Apr. 24, 2017). Still, the Supreme Court has cautioned that a case should be dismissed as frivolous only if it relies on meritless legal theories or facts that are clearly baseless. *See Neitzke*, 490 U.S. at 327.

Moreover, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Tulino v. DeJoy*, No. 8:21-cv-69-WFJ-TGW, 2021 WL 5925926, at *1 (M.D. Fla. 2021) (noting some of the circumstances under which a party's request to amend a complaint may properly be denied). In order to state a proper claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. *See* Fed. R. Civ. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs,

incorporating by reference other parts of the pleading for clarity. *See* Fed. R. Civ. P. 10. Relevant facts should be segregated to each of their respective claims. *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. App'x 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. *Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

## III. DISCUSSION

Upon review of Plaintiff's IFP Motion, the undersigned concludes that he is a pauper who would otherwise be entitled to proceed without paying the filing fee if not for the insurmountable defects in his Complaint identified below. The undersigned is satisfied based on Plaintiff's IFP Motion representations that his total monthly expenses exceed what he brings in as total monthly income, with Plaintiff additionally possessing no assets to speak of. (*See* Doc. 9). The undersigned recommends, however, that the Court find that Plaintiff's Complaint is defective for having raised nothing but purely frivolous arguments against Defendant and otherwise failing to adequately state a claim upon which relief may be granted. The undersigned thus recommends that Plaintiff's IFP Motion be dismissed by the Court.

In particular, the undersigned concludes that Plaintiff has failed to state a claim in his Complaint upon which relief may be granted, citing only to fictitious causes of action conjured up by himself rather than any authoritative sources binding upon this Court. *See* Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)

(articulating the standard by which a Complaint may be adequately pled). While a *pro se* party should ordinarily be given at least one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction, *see Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005), because even the most generous and liberal readings of Plaintiff's Complaint does not provide any indication whatsoever that a valid claim might be stated upon amendment, the undersigned respectfully recommends that Plaintiff's IFP be denied with prejudice and that his Complaint similarly be denied with prejudice. *See Gomez*, 171 F.3d at 795; *see also Mizzaro v. Home Depot Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) (highlighting that, "[b]ecause justice does not require district courts to waste their times on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim"); *Tulino*, 2021 WL 5925926, at *1 (noting that "further opportunities to amend [a complaint] may be denied" to a *pro se* plaintiff "when such amendment would be futile" (citing *Cornelius v. Bank of America, N.A.*, 585 Fed. Appx. 996, 1000 (11th Cir. 2014)).

Even assuming *arguendo* that Plaintiff could amend his Complaint to assert a more clear and direct cause of action, the focus of Plaintiff's complaint is that Defendant "dismissed" Plaintiff's case. (Doc. 1 at 1). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal citations omitted). "Whether a

judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Id.* Defendant's adjudication of Plaintiff's prior case in his capacity as a District Court Judge falls squarely within the scope of his "judicial capacity" under this definition, thereby rendering Defendant immune from suit. *See id.* Plaintiff's action brought against Defendant is therefore frivolous. *See Neitzke*, 490 U.S. at 327; *Reames*, 2017 WL 1460103, at *1.

## IV. CONCLUSION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 9);
2. **DISMISS WITH PREJUDICE** the Complaint (Doc. 1); and
3. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district

judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**DONE** and **ORDERED** in Orlando, Florida on October 13, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties